IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAWN HEIMBURGER,

        Plaintiff,

v.

                                              Case No. 3:26-CV-632-NJR

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

        Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Dawn Heimburger, proceeding *pro se*, filed this action on May 12, 2026, against 13 defendants including the Federal Bureau of Investigation (FBI), the United States Air Force, and President Donald Trump. (Doc. 1). The case is now before the Court on Heimburger's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and for preliminary review of the Complaint.

Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without prepaying the required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is satisfied from Heimburger's affidavit (Doc. 2) that she is indigent.

Page 1 of 4

Heimburger reports that she is a self-employed writer and made less than $2,500 per month in 2025. She has less than $500 in a bank account, owns no items of value, and has about $100,000 in credit card debt in addition to her monthly bills. Based on this financial information, the Court finds that Heimburger is indigent under 28 U.S.C. § 1915(a)(1).

Under § 1915(e)(2), the Court must now screen Heimburger's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

The undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that

*might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Upon reviewing Heimburger's Complaint, the Court finds that it fails to state a claim. Heimburger has named the following individuals and agencies as Defendants: the FBI, Kash Patel, Former SAIC Cynthia Nettrour aka Annette Pratt, St. Clair County Sheriff's Office, United States Air Force, TJ Collins, McConnell Air Force Base, Scott Air Force Base, Former General Kenneth Wisbach, Former President Donald Trump, O'Fallon, IL Police Department, Tracy Pratt Diel, and Kendra Pratt Koonce. Heimburger alleges that the FBI, through its agents including Kash Patel and Former SAIC Cynthia Nettrour, engaged in a pattern of harassment and intimidation against her that may have been influenced by "Former President" Donald Trump's policies. (Doc. 1 ¶¶ 19, 24). She also claims that the St. Clair County Sheriff's Office and the O'Fallon, IL Police Department failed to protect her from these unlawful actions despite her repeated requests for assistance. (*Id.* ¶ 20). However, Heimburger does not allege any facts explaining what these Defendants did to harass or intimidate her. Heimburger further alleges that the U.S. Air Force (through TJ Collins), McConnell Air Force Base, and Scott Air Force Base have been involved in actions and activities that have contributed to her distress and that Former General Wisbach failed to intervene. (*Id.* ¶¶ 21-23). But, again, Heimburger does not state any facts about those actions or activities. In fact, the Complaint includes "[insert specific actions or incidents]"— indicating that Heimburger may have used some form of template complaint.

The lack of detail continues in Heimburger's claims for relief, where she alleges a violation of her civil rights under 42 U.S.C. § 1983, intentional infliction of emotional distress,

Page 3 of 4

and negligence. Each count recites the elements of the cause of action without providing any facts in support. For example, in her intentional infliction of emotional distress claim, Heimburger states that the "conduct of the Defendants was extreme and outrageous, and they acted with the intent to cause, or with reckless disregard for the probability of causing, emotional distress to Plaintiff." (*Id.* ¶ 30). As a result, she claims she has suffered severe emotional distress and is entitled to damages. (*Id.* ¶ 31). Under *Iqbal*, these allegations are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Because Heimburger has failed to state a claim, the Complaint (Doc. 1) is **DISMISSED without prejudice**. Heimburger is **GRANTED** leave to file an Amended Complaint that provides the factual details required to state a claim on or before **July 15, 2026**.

Heimburger's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

Heimburger is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:   June 15, 2026**

                                           **NANCY J. ROSENSTENGEL**
                                         **United States District Judge**